■ In the Matter of LENNY M. J., Respondent, v LUIS V., Appellant. DENISE V., Infant, Appellant. — In a proceeding pursuant to section 652 of the Family Court Act to modify the provisions of a judgment of divorce to transfer custody of Denise V., the child of the parties, from the father, Luis V., to the mother, Lenny M. J., the father and the child, by her Law Guardian, separately appeal from an order of the Family Court, Queens County (Gilman, J.), dated June 7, 1983, which transferred custody of the child to the mother. ¶ Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. ¶ The parties were married in 1976 and divorced in 1979. The judgment of divorce awarded the father custody of the parties' daughter, who was born on March 25, 1977. In December, 1982, the mother commenced this proceeding to seek an order from the Family Court modifying the judgment of divorce by transferring custody of the child to her. After a hearing the Family Court concluded that it was in the best interests of the child to award custody to the mother. We disagree. ¶ The law of New York is clear that the fundamental consideration in any custody proceeding is the best interests of the child (see Domestic Relations Law, §§ 70, 240; *Corradino v Corradino,* 64 AD2d 320, affd 48 NY2d 894). An award of custody may be changed when the totality of circumstances warrants the change in the best interests of the child (*Friederwitzer v Friederwitzer,* 55 NY2d 89). ¶ At the hearing, it was admitted that the mother struck her child in 1979 and, as a result, the child was hospitalized for 11 days. The mother was found guilty of child abuse and the child was placed with the maternal grandmother for 18 months. Thereafter the parties were divorced and at the expiration of the 18-month period during which custody had been awarded to the grandmother, the mother removed the child from New York in violation of the provision of the judgment of divorce which awarded custody of the child to the father. The record reveals that the mother intended to relinquish custody of the child when she sent her to the father on August 30, 1982, as the father sent a one-way airline ticket for the child, the child arrived in New York without luggage and the mother sent the child's clothing to the father one month later. In addition, the fact that the mother forwarded the child's vaccination certificate to New York evidences an intent to have the child enrolled in school in New York. It is significant that a clinic psychologist affiliated with the Family Court Mental Health Services unit opined that the mother has a minimal ability to deal with stress and that if a young child were to cause her a great deal of stress, "she may act out". The psychologist recommended that custody be given to the father as he could adequately care for the child. On the basis of the totality of the circumstances, we find that the best interests of the child will be furthered by the child residing with the father. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.